UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL GRESHAM,

            Plaintiff,                      Case No. 1:16-cv-394

v.                                                Honorable Robert Holmes Bell

JAMES SCHEIBNER et al.,

            Defendants.

_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Lewis and Becher. The Court will serve the complaint against the remaining Defendants.

**Discussion**

    I.        Factual allegations

Plaintiff Michael Gresham presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF). He sues the following custody and mental health officials at ICF: deputy wardens James Schiebner, John Christiansen, and Steve Barber; warden Willie Smith; social workers James Apol, Bob Davis, James Kissenger, (unknown) Gilliam, and David Maranka; mental health professionals Laura Woodford, Jessica Perry, Michael Karluk, Brian VantHof, and Unknown Party #2 (named as "Karla Unknown"; Mental Health Director Designee Greg Johnson, and (Unknown Party #1) (named as "Jennifer Unknown"); psychiatrists Tony Rome, Amy Laurentino, (unknown) Hammond, Ismail Emani, Princewell Onwere, and Richard Meyers; psychologists Kirt Dozeman, Rachel Kern, Megan Jansen, Mandi Withey, and Alicia Stephens; nurse practitioner Jennifer Sleight; D. Drizengka; grievance coordinators Clarice Lewis and L. Becher; resident unit manager Gary Miniard; and prison counselor Lyod Thurlby.

Plaintiff alleges that he has been subjected to a campaign of harassment because of his many grievances and lawsuits, at least some of which remain pending, including *Gresham v. Napel et al.*, No. 2:14-cv-253 (W.D. Mich.).[1] In 2015, Defendants Christiansen, Barber, Schiebner, Smith, Thurlby, and Miniard told him that they intended to recommend that he be forcibly medicated with psychoactive drugs so that he would be unable to focus on his pending litigation, in which they were named. These same Defendants acted on their threats, in retaliation for his exercise of his First

---

[1] Plaintiff has filed more than 40 actions in this Court, many of which have been dismissed in whole or in part. Others have been dismissed for failure to pay the filing fee after Plaintiff was denied leave to proceed *in forma pauperis* under the three-strikes rule of 28 U.S.C. § 1915(g). Plaintiff has seven cases pending at this time.

Amendment right to petition government. Defendants Christiansen, Barber, Schiebner, Smith, Thurlby, and Miniard met with Defendants Apol, Woodford, Perry, Karluk, Kern, Laurentino, Sleight, Stephens, Hammond, Emani, Drizengka, Dozeman, Jansen, Davis, Kissenger, Maranka, Rome, Onwere, Withey, Gilliam, Unknown Party #2, VantHof, Unknown Party #1, and Meyers, who ultimately found Plaintiff to require forced medication. Plaintiff has been being forcibly medicated from 2015 to the present.

Plaintiff asserts that he told all of the medical Defendants that he was not mentally ill and was being subjected to retaliation, and he offered to produce witnesses, but he was not allowed to present witnesses at any of the four hearings he had, in violation of his procedural due process rights. Plaintiff alleges that all of these Defendants conspired to and did retaliate against him in violation of the First Amendment and violated his Eighth Amendment and substantive due process rights by forcibly medicating him with psychoactive medications including Prolixin and Haldol. He contends that the forced medications caused him serious physical side effects, including chest pains, difficulty breathing, feelings of suffocation, seizures, vomiting, and a propensity to pass out.

For relief, Plaintiff seeks substantial compensatory and punitive damages, together with injunctive relief terminating the administration of psychoactive medications.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Lewis and Becher, other than his claim that they failed to conduct an investigation in response to his

grievances, denied him grievance forms, or placed him on modified grievance access.[2] Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

In addition, Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' refusals to provide him with a grievance form did not deprive him of due process.

Moreover, Defendants' actions have not barred Plaintiff from seeking redress for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which

---

[2]Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ HH. (eff. July 9, 2007). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner only can obtain grievance forms through the Step I grievance coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ KK.

inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 Fed. App'x 411, 415-416 (6th Cir. 2014) (citing *North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n. 6 (1977)).  Indeed, Plaintiff's ability to seek redress is underscored by his pro se invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).  Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances.  *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977).  The exhaustion requirement only mandates exhaustion of available administrative remedies.  *See* 42 U.S.C. § 1997e(a).  If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action.  *See Kennedy v. Tallio,* 20 F. App'x 469, 470 (6th Cir. 2001).

For all these reasons, Plaintiff fails to state a claim against Defendants Lewis and Becher.  On initial review, the Court concludes that Plaintiff's allegations are sufficient to state a claim against the remaining Defendants.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Lewis and Becher will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against the remaining Defendants.

An Order consistent with this Opinion will be entered.

Dated: June 10, 2016  /s/ Robert Holmes Bell  
ROBERT HOLMES BELL  
UNITED STATES DISTRICT JUDGE