UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM,

        Plaintiff,        Case No. 1:16-cv-394

v.        Hon. Robert Holmes Bell

JAMES SCHIEBNER, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's *ex parte* "Motion for temporary restraining order rule 65 preliminary and permanent injunction to cease harassing and retaliatory excess legal property hearing send legal mail out so Gresham can litigate his false imprisonment claims and cease and desist clandestine retaliatory tactics aimed to deter and deprive litigation" (docket no. 19).

    **I.**    **Background**

In his complaint, plaintiff alleged that he has been subjected to a campaign of harassment from the 29 named defendants because he has filed many grievances and lawsuits.[1] Plaintiff alleged that he has been forcibly medicated since 2015. According to plaintiff, he told all of the medical defendants that he was not mentally ill and was being subjected to retaliation, and he offered to produce witnesses, but he was not allowed to present witnesses at any of the four hearings he had, in violation of his procedural due process rights. In addition, all of the defendants conspired

---

[1] Plaintiff is a restricted filer, having filed at least 44 cases in the Western District since 2010. The Court notes that although plaintiff had three strikes within the meaning of 28 U.S.C. § 1915(g), the Court concluded that he has sufficiently alleged imminent danger under the exception to § 1915(g) and may proceed *in forma pauperis* in this action. *See* Order to proceed *in forma pauperis* (docket no. 5).

to and did retaliate against him in violation of the First Amendment and violated his Eighth Amendment and substantive due process rights by forcibly medicating him with psychoactive medications including Prolixin and Haldol. Plaintiff alleged that the forced medications caused him serious physical side effects, including chest pains, difficulty breathing, feelings of suffocation, seizures, vomiting, and a propensity to pass out. *See* Opinion (docket no. 6, PageID.43-44). He seeks damages in the amount of $800,000,000.00. *See* Compl. (docket no. 1, PageID.10).

In the present *ex parte* motion, plaintiff seeks a temporary restraining order (TRO), preliminary injunction and permanent injunction which are not related to these medication claims. Rather, the requests for injunctive relief appear related to plaintiffs' continuing efforts to prove that he did not commit the "current Oct 16, 1999 charges" and that he is innocent of the crimes. Plaintiff listed two people or entities who are allegedly collecting information on his case, i.e., "Bonnie Kerness Prison Watch Program" of Newark, New Jersey, and the "Centurion Ministries Innocence Project" of Princeton, New Jersey. Motion at PageID.68. For his relief, plaintiff stated as follows:

> Wherefore, T.R.O. and or injunction pursuant to Rule 65 be granted to cease and desist unnecessary excess legal property hearing provide copy of 4/10/2015 legal property hearing and to permit legal mail to go out to witnesses parties to his litigation and legal organizations agencies and not interfere in his proving his actual innocence.

*Id.* at PageID.69.

Plaintiff does not explicitly state whom he seeks to enjoin. Plaintiff appears to be seeking relief against a hearing officer, non-party Susan Morris, who allegedly conducted what plaintiff described as a "retaliatory excess legal property hearing to claim Mr. Gresham was not cooperating and to destroy his legal property personal law books, notes and legal documents and exhibits as evidence." Motion at PageID.66. Finally, while plaintiff's motion referred to Exhibit

A (a "Notice of Intent"), he attached no such exhibit to his motion.

### II.  Temporary restraining order (TRO)

Fed. R. Civ. P. 65(b)(1) provides for the issuance of a TRO as follows:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted." *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990).  "Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974).  "The normal circumstance for which the district court would be justified in proceeding ex parte is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).  Here, plaintiff has not provided an affidavit or verified complaint to support his claim for a TRO as required by Fed. R. Civ. P. 65(b)(1)(A).  There is no basis to issue a TRO.  Accordingly, plaintiff's motion for a TRO should be denied.

### III. Preliminary injunction

Plaintiff's motion for preliminary injunction is procedurally deficient for two reasons. First, plaintiff did not serve the motion on any of the parties as required by Fed. R. Civ. P. 65(a)(1), which provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." *See United States v. Microsoft Corporation*, 147 F.3d 935, 944 (D.C. Cir. 1998) ("[t]he purpose of Rule 65(a)(1)'s notice requirement is to allow the opposing party a fair opportunity to oppose the preliminary injunction, and compliance is mandatory").

Second, the requested relief is unrelated to the claims in this lawsuit. While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945). The action pending in this Court involves First and Fourteenth Amendment violations arising from defendants' alleged forced medication of plaintiff. However, plaintiff's present motion seeks an injunction related to a prison hearing involving his excess legal property, "a matter lying wholly outside the issues in the suit." *Id.* For these reasons, plaintiff's motion for a preliminary injunction should be denied.

### IV. Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for injunctive relief (docket no. 19) be **DENIED**.

Dated:  December 20, 2016          /s/ Ray Kent
                                   RAY KENT
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).