UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM,

        Plaintiff,

v.

JAMES SCHIEBNER, *et al.*,

        Defendants.
_____/

Case No. 1:16-cv-394

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983. This matter is now before the Court on motions to dismiss filed by defendants James Schiebner, James Apol, Laura Woodford, Jessica Perry, John Christiansen, Steve Barber, Willie Smith, Rachel Kern, Kirt Dozeman, Meghan Jansen, Greg Johnson, Bob Davis, James Kissinger, Mandi Withey, Brian Van't Hof, Gary Miniard, Lloyd Thurlby and David Maranka (docket no. 40), Alicia Stephens (docket no. 47), and Tony Rome (docket no. 63). In addition, defendants Emani, Hammond, Karluk, Onwere and Laurentino seek to join in the motions to dismiss (docket nos. 62 and 65); however they did not file separate motions to dismiss and their concurrence with the motions were docketed as responses.

**I.**    **Discussion**

On April 20, 2016, plaintiff filed this action against 33 defendants seeking $800,000,000.00 in damages. *See* Compl. (docket no. 1). The defendants are listed on the docket sheet as follows: James Scheibner (warden); James Apol (social worker); Laura Woodford (mental health professional); Michael Karluk (mental health professional); Greg Johnson (mental health

designee); Unknown Party #1 (Jennifer, mental health designee); Tony Rome (psychiatrist); John Christiansen (deputy warden); Steve Barber (deputy warden); Willie Smith (warden); Rachel Kern (psychologist); Amy Laurentino (psychiatrist); Jennifer Sleight (nurse practitioner); Unknown Hammond (female psychiatrist); Ismail Emani (psychiatrist); D. Drizengka; Kirt Dozeman (psychologist); Megan Jansen (psychologist); Bob Davis (social worker); James Kissenger (social worker); Princewell Onwere (psychiatrist); Mandi Withey (psychologist); Unknown Gilliam (social worker); BrianVantHof (mental health professional); Unknown Party #2 (Karla, mental health professional); Clarice Lewis (grievance coordinator); L. Becher (grievance coordinator); Richard Meyers (psychiatrist); Gary Miniard (RUM); Lloyd Thurlby (prison counselor); David Maranka (social worker); and Alicia Stephens (psychologist).

Although plaintiff is a restricted filer, the Court allowed him to proceed *in forma pauperis* because, pursuant to 28 U.S.C. § 1915(g), he "sufficiently alleged imminent danger under the exception to § 1915(g)." *See* Order at fn. 1 (docket no. 5). In this regard, at the end of his complaint, plaintiff stated "[a]s of April 18, 16 [sic] Gresham continues to be forcibly medicated against his will and suffer side effects chest pains, difficulty breathing suffocating feelings, seizures vomiting causing Gresham to pass out, fall out hit his head on the floor and defendants act in concert together to impair & deter Gresham causing permanent life long damage." Compl. at PageID.10.

In the June 10, 2016 opinions screening this action, the Court summarized plaintiff's claims as follows:

> In 2015, Defendants Christiansen, Barber, Schiebner, Smith, Thurlby, and Miniard told him that they intended to recommend that he be forcibly medicated with psychoactive drugs so that he would be unable to focus on his pending litigation, in which they were named. These same Defendants acted on their threats, in retaliation for his exercise of his First Amendment right to petition government. Defendants

2

> Christiansen, Barber, Schiebner, Smith, Thurlby, and Miniard met with Defendants Apol, Woodford, Perry, Karluk, Kern, Laurentino, Sleight, Stephens, Hammond, Emani, Drizengka, Dozeman, Jansen, Davis, Kissenger, Maranka, Rome, Onwere, Withey, Gilliam, Unknown Party #2, VantHof, Unknown Party #1, and Meyers, who ultimately found Plaintiff to require forced medication. Plaintiff has been being forcibly medicated from 2015 to the present.
>
> Plaintiff asserts that he told all of the medical Defendants that he was not mentally ill and was being subjected to retaliation, and he offered to produce witnesses, but he was not allowed to present witnesses at any of the four hearings he had, in violation of his procedural due process rights. Plaintiff alleges that all of these Defendants conspired to and did retaliate against him in violation of the First Amendment and violated his Eighth Amendment and substantive due process rights by forcibly medicating him with psychoactive medications including Prolixin and Haldol. He contends that the forced medications caused him serious physical side effects, including chest pains, difficulty breathing, feelings of suffocation, seizures, vomiting, and a propensity to pass out.

Opinion (docket no. 6, PageID.43-44). The Court dismissed defendants Lewis and Becher, ordered service on the remaining defendants, and took no action with respect to the two unknown defendants. *See* Order for partial dismissal and partial service (docket no. 7).[1]

Plaintiff filed a motion for injunctive relief about one month after the Court ordered service on the remaining defendants, (docket no. 19). This motion, however, did not address any of the issues raised in this lawsuit (e.g., the "imminent danger" alleged in the complaint). Rather, the motion, entitled "Motion for temporary restraining order rule 65 preliminary and permanent injunction to cease harassing and retaliatory excess legal property hearing send legal mail out so Gresham can litigate his false imprisonment claims and cease and desist clandestine retaliatory tactics aimed to deter and deprive litigation," involved an unrelated, ongoing dispute between plaintiff and a hearing officer, non-party Susan Morris, who allegedly conducted a "retaliatory excess

---

[1] It appears that the order for partial dismissal and partial service incorrectly directed the Clerk's Office to issue a summons for service on defendant Becher, even though Becher was dismissed in the first paragraph of the order. *See* Order (docket no. 7, PageID.48-49).

legal property hearing to claim Mr. Gresham was not cooperating and to destroy his legal property personal law books, notes and legal documents and exhibits as evidence." *See* Motion (docket no. 19, PageID.66).  The motion was denied.  *See* Order (docket no. 81).

Defendants seek to dismiss plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The gist of defendants' position is that plaintiff should not have been allowed to file the complaint in the first instance because the complaint violated the filing restrictions set forth in this Court's January 6, 2016 order entered in *Gresham v. Washington*, 1:15-cv-1067.  In her opinion dismissing *Gresham v. Washington*, the Honorable Judge Janet T. Neff pointed out that plaintiff is a serial filer of frivolous lawsuits who has used various strategies to avoid court-imposed restrictions:

### C. Abusive Filings

Plaintiff Gresham has been a particularly active litigant in this Court, having filed nearly 40 actions.  In eight of his cases, all of his claims were dismissed because they were frivolous, malicious or failed to state a claim.  *See Gresham v. Caruso et al.*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Wolak et al.*, No. 2:10-cv- 239 (W.D. Mich. July 25, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008).  In each of these actions, Plaintiff sued many defendants with respect to a number of unrelated sets of circumstances.

Thereafter, Plaintiff was denied leave to proceed *in forma pauperis* in 16 cases.  *See Gresham et al. v. Yunker et al.*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013); *Gresham v. Nader et al.*, 2:13-cv-212 (W.D. Mich. July 22, 2013); *Gresham et al. v. Napel et al.*, No. 2:13-cv-176 (W.D. Mich. June 12, 2013); *Gresham v. Prelesnik et al.*, No. 1:12-cv-276 (W.D. Mich. July 2, 2012); *Gresham v. Czop et al.*, No. 1:12-cv-494 (W.D. Mich. June 18, 2012); *Gresham v. Heyns et al.*, No. 1:12-cv-277 (W.D. Mich. Apr. 11, 2012); *Gresham v. Snyder et al.*, No. 1:12-cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-12 (W.D.

Mich. Apr. 20, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-22 (W.D. Mich. Mar. 30, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-9 (W.D. Mich. Feb. 10, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. Violetta et al.*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham v. Dahl et al.*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel et al.*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. LaChance et al.*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Dennis et al v. Canlis et al.*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011). In many of these actions, Plaintiff named dozens of Defendants and raised multiple unrelated issues. None of the actions, however, successfully alleged that Plaintiff was in imminent danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g).

During the course of being denied leave to proceed *in forma pauperis*, Plaintiff learned to pursue several different avenues for avoiding the three-strikes rule. In a number of cases, as in the instant case, he filed improperly joined complaints in conjunction with other Plaintiffs, in an attempt to reduce his portion of the filing fee under the three-strikes rule. *See Tillman v. Huss et al.*, No. 1:13-cv-297 (W.D. Mich.); *Gresham et al. v. Yunker et al.*, No. 2:13-cv-221 (W.D. Mich.); *Sanders v. Napel et al.*, No. 2:13-cv-264 (W.D. Mich.); *Gresham et al. v. Napel et al.*, No. 2:13-cv-176 (W.D. Mich.); *Oliver v. Parkkila et al.*, No. 2:12-cv-292 (W.D. Mich.); *Gresham et al. v. Mutschler et al.*, No. 2:12-cv-12 (W.D. Mich.); *Dennis et al. v. Canlis et al.*, No. 2:11-cv-186 (W.D. Mich.); *Gresham et al. v. Canlis*, No. 2:11-cv-179 (W.D. Mich.); *Gresham et al. v. Neubecker et al.*, No. 2:11-cv-171 (W.D. Mich.); *Gresham et al. v. Smith et al.*, No. 1:10-cv-1233 (W.D. Mich.); *Gresham et al. v. Smith et al.*, No. 1:10-cv-1215 (W.D. Mich.).

Applying a different strategy, Plaintiff filed motions in other prisoners' actions, seeking joinder of his own claims or consolidation with his own cases. *See Sanders v. Napel et al.*, No. 2:13--cv-264 (W.D. Mich.) (Mot. for Joinder, ECF No. 86, May 7, 2015). *Tillman v. Huss et al.*, No. 1:13-cv-297 (W.D. Mich.) (Mot. for Joinder, ECF No. 10, June 6, 2013); *Hursey v. Romanowski et al.*, No. 1:12-cv-1403 (W.D. Mich.) (Mot. for Joinder, ECF No. 4, Jan. 25, 2013); *Wills v. Barber et al.*, 1:12-cv-434 (W.D. Mich.) (Mot. for Joinder, ECF No. 55, Dec. 17, 2012); *Oliver v. Parkkila et al.*, No. 2:12-cv-292 (W.D. Mich.) (Mot. for Joinder, ECF No. 53, June 19, 2013); *Aubry v. Wolak et al.*, No. 2:12-cv-168 (W.D. Mich.) (Mot. for Joinder, ECF No. 5, Apr. 30, 2012); *Mays v. Gorman et al.*, No. 1:11-cv-694 (W.D. Mich.) (Mot. for Joinder, ECF No. 76, December 17, 2012). By seeking to join or joining already filed complaints, Plaintiff could avoid entirely any responsibility for the filing fee.

Finally, Plaintiff made sure that he included at least one claim that arguably involved imminent danger of serious physical injuries among his other sets of allegations. Nevertheless, most of Plaintiff's remaining actions were either dismissed

> in whole without prejudice because Plaintiff had failed to comply with a Court order, or dismissed in part with prejudice because many if not most of the allegations failed to state a claim.
>
> Over the course of the last several years, the Court has generously considered each of Plaintiff's claims, regardless of whether they were properly joined. Plaintiff, however, continues to abuse the litigation process by filing lengthy complaints that routinely name 40 or 50 defendants and allege conduct that occurred over months of his incarceration. In these cases, as in the instant case, Plaintiff was able to avoid being barred from proceeding in forma pauperis by the three-strikes rule only because he was able to allege that he was in imminent danger with respect to a single set of allegations, which formed only a small part of his complaint. The remainder of the allegations of these complaints related to issues such as access to the courts and retaliation, none of which would permit Plaintiff to overcome the bar of the three-strikes rule. Moreover, Plaintiff's cramped writing and the complexity of his many allegations has required this Court to expend enormous resources to simply understand and organize the allegations.
>
> At this juncture, the Court must consider how to address Plaintiff's abusive litgation [sic] strategies. The Sixth Circuit regularly has approved the imposition of prefiling restrictions on plaintiffs who continuously file abusive litigation. "While this court cannot absolutely forbid an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the court may impose pre-filing restrictions on an individual with a history of repetitive or vexatious litigation." *Shephard v. Marbley*, 23 F. App'x 491, 493 (6th Cir. 2001) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811). Plaintiff's prolongued [sic] abuse of the joinder process and his convoluted attempts to avoid the application of the three-strikes rule warrant the Court exercising its inherent authority to restrict his filings. As a consequence, the Court will prohibit Plaintiff from filing any future complaint that contains claims arising out of more than a single transaction. The Court also will prohibit Plaintiff from filing any complaint jointly with another prisoner and from seeking to join another Plaintiff's action. Further, Plaintiff may not file any future complaint exceeding 10 pages in length.

*Gresham v. Washington*, 1:15-cv-1067, 2016 WL 81696 at *9-11 (W.D. Mich. Jan. 6, 2016), *appeal dismissed*, No. 16-1072 (Order) (6th Cir. Oct. 17, 2016).

As a result of plaintiff's abusive litigation practices, the Court placed additional pre-filing restrictions on plaintiff:

> IT IS ORDERED that Plaintiff is barred from filing any future complaint that raises claims arising out of more than a single transaction or event.
>
> IT IS FURTHER ORDERED that Plaintiff is barred from filing any future complaint jointly with another prisoner and from filing a motion for joinder in any other prisoner's case.
>
> IT IS FURTHER ORDERED that Plaintiff is barred from filing any future complaint exceeding 10 pages in length.
>
> IT IS FURTHER ORDERED that, should Plaintiff violate any of these restrictions, his case will be dismissed.

*Id.* (Order) (Jan. 6, 2016) (docket no. 10).

Plaintiff's abusive litigation tactics in civil rights cases has branched into attempting to join another prisoner's habeas corpus action. *See Gamble v. Burt*, No. 1:11-cv-611 (Order striking Gresham's "Motion to join parties & obtain docket sheet") (docket no. 46). In *Gamble*, the petitioner wrote a letter to the Court complaining about Gresham's interference with his § 2254 action:

> I previously sent a letter informing this Court that I hadn't filed any motions and that the motion for joinder was fraudulent. In your response, it showed that this motion was filed by a Michael Gresham. First I am currently in this Honorable Court appealing a state courts decision under 28 USCA 2254(d)(1)-(2). This gentleman (Gresham) is not a party in this matter. This guy has a history of filing these types of motions. I'm requesting that he not be allowed any information as it pertains to my current proceedings. As I previously stated he (Gresham) has absolutely nothing to do with this case his only angle is to try and sabotage my pleadings. If this Court were to look they would see Mr. Gresham has a history of this. I would ask that his name be removed from anything pertaining to this case . . . Your prompt help with this problem is appreciated.

*Id*. (letter) (docket no. 44).

Defendants move to dismiss plaintiff's complaint because it violated the pre-filing restrictions. The undersigned agrees. Plaintiff filed the present action more than three months after the pre-filing restrictions were in place. His complaint violates the first restriction because he "raises claims arising out of more than a single transaction or event." In the two-paragraph screening summary of plaintiff's complaint, *supra*, the Court did not delineate all of the individual claims

7

raised by plaintiff. This complaint, which is an example of plaintiff's "cramped writing," alleges hundreds of separate claims against the 33 original defendants which occurred "from 2015 through 2016 present." Plaintiff's shotgun approach clearly violates the "single transaction or event" restriction. The defendants held diverse positions (e.g., wardens, a deputy warden, social workers, a nurse practitioner, grievance coordinators, mental health professionals, a resident unit manager, a prison counselor, mental health designees, psychologists and psychiatrists) and allegedly engaged in numerous acts of misconduct including: forced medication with psychotropics "so [plaintiff] would be drug induced and unable to focus on his litigation"; four separate panel hearings "recommending this forced medication;" falsification of his mental health file; retaliation; denial of due process; deliberate indifference to serious medical needs in violation of the 8th Amendment; conspiracy; "assault and excessive force by forced psychotropics causing side effects"; "364 counts of 8th Amendment violations for forced medication, deliberate indifference, assault, excessive force"; "supervisors failed to train & supervise"; "failure to protect"; and claims that "the sexual misconducts and misconducts against Gresham are false and retaliatory because of his litigation". Compl. at PageID.4-9. To quote Judge Neff, this Court will "expend enormous resources to simply understand and organize the allegations" contained in this complaint.

Plaintiff's complaint is in violation of the first *Gresham v. Washington* restriction and should have been rejected for filing rather than served. For that reason, defendants' motions to dismiss (docket nos. 40, 47 and 63) should be granted, the outstanding motions in this matter (plaintiff's motion for reconsideration (docket no.28), plaintiff's motion to serve complaint (docket no. 38), plaintiff's motion for summary judgment (docket no. 51), defendant Laurentino's motion

to strike (docket no. 59), and defendant Meyers' motion to compel discovery (docket no. 80)) should be denied as moot, and this action should be dismissed in its entirety.

## II. Recommendation

Accordingly, I respectfully recommend that defendants' motion to dismiss (docket nos. 40, 47 and 63) be **GRANTED**, that the outstanding motions in this action (docket nos. 28, 38, 51, 59 and 80) be **DENIED** as moot, and that this action be **TERMINATED**.

Dated: February 8, 2017 /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).